UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>CHRISTOPHER LEROY SEALS aka ANTHONY CHRISTOPHER LEROY SEALS,<br><br>         Debtor.<br>_____<br><br>GUARDIAN INDUSTRIES, LLC,<br><br>         Garnishee. | Case No.  1:25-mc-00006-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING REQUEST FOR FINAL ORDER OF CONTINUING GARNISHMENT<br><br>(Doc. 8)<br><br>**<u>FOURTEEN-DAY DEADLINE</u>** |

   Currently pending before the Court is the United States' request for findings and recommendations regarding issuance of a final order of continuing garnishment ("Application") against twenty-five percent (25%) of the nonexempt disposable earnings of debtor Christopher Leroy Seals aka Anthony Christopher Leroy Seals ("Debtor") from Guardian Industries, LLC ("Garnishee").  (Doc. 8.)  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7).

   **I.     BACKGROUND**

   On September 14, 2007, pursuant to a plea agreement with the United States, Debtor

1

entered a plea of guilty to count 1 for violation of 18 U.S.C. § 371 – Conspiracy to Defraud the United States. (*United States v. Seals*, Case No. 1:06-cr-00299-LJO-2, Doc. 89.) On March 16, 2009, the Court sentenced Debtor to 5 months in custody, 36 months supervised release, and ordered Debtor to pay an assessment of $100.00 and restitution of $4,960.67. (*Id.* at Docs. 299, 300.)

In an attempt to collect the restitution and assessment, the United States filed an application for writ of continuing garnishment against twenty-five percent (25%) of Debtor's nonexempt disposable earnings held by Garnishee. (Doc. 1.) According to the application, Debtor owes $4,660.34, which is the total amount sought by this garnishment action. (*Id.* at 2.)

The Clerk of the Court issued the writ of continuing garnishment on January 29, 2025. (Doc. 4.) On January 29, 2025, the United States served the Garnishee with copies of the writ and related documents. (Doc. 2.) On February 12, 2025, the United States served Debtor with copies of the writ and related documents. (Doc. 5.) The documents served on Debtor advised him of, among other things, his right to claim exemptions to garnishment and request a hearing on his claim and/or object to the Garnishee's answer ("Answer") and request a hearing thereon. (*Id.*)

The Garnishee filed its acknowledgment of service and Answer on March 17, 2025, indicating that Debtor is an employee of Garnishee and identifying the applicable pay period and amount of gross pay. (Doc. 6.) The Garnishee filed an amended acknowledgement of service and Answer on March 31, 2025. (Doc. 7.) The Garnishee served its amended acknowledgment and Answer on Debtor and the United States on March 11, 2025. (*Id.*) The United States now seeks a final order of continuing garnishment pursuant to section 3205(c)(7) of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, et seq., against Debtor's ongoing and nonexempt disposable earnings from the Garnishee. (Doc. 8.)

**II.     DISCUSSION**

Pursuant to the Mandatory Victims Restitution Act, the United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the FDCPA. *United States v. Mays*, 430 F.3d 963, 965, n.2 (9th Cir. 2005). The FDCPA sets forth the "exclusive civil procedures for the United States . . .

to recover a judgment on. . . an amount that is owing to the United States on account of . . . restitution." *Id.* at 965.

The FDCPA permits the Court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). "Nonexempt disposable earnings," in turn, "means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act." 28 U.S.C. § 3002(9). The principal restriction imposed by the Consumer Credit Protection Act is that garnishment of an individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings. 15 U.S.C. § 1673(a)(1).

The government is required by the FDCPA to provide the judgment debtor with notice of the commencement of garnishment proceedings. 28 U.S.C. § 3202(b). The judgment debtor then has twenty days after receipt of the notice to request a hearing. 28 U.S.C. § 3202(b). After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property. 28 U.S.C. § 3205(c)(7).

Here, Debtor's nonexempt disposable earnings are subject to garnishment under the FDCPA. *See* 28 U.S.C. § 3205(a). The United States provided Debtor with notice of the garnishment proceedings on February 12, 2025. (Doc. 5.) The documents served on Debtor advised him of his right to claim exemptions and request a hearing on his claims, request a hearing to oppose the writ, and object to the Answer and request a hearing. (*Id.*) Debtor was further advised of the applicable deadlines for exercising these rights under the FDCPA. (*Id.*) The Garnishee served Debtor with its Answer on March 11, 2025. (Doc. 7.) Neither Debtor nor any other person filed any exemption claims, objections, requests for hearing, or other response in this garnishment action and their time to do so has now expired. Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court will

recommend that an order issue directing the Garnishee as to the disposition of Debtor's nonexempt disposable wages.

### III. ORDER AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

It is HEREBY ORDERED that the United States is directed to serve a copy of these findings and recommendations on the Garnishee and file proof of such service within seven (7) days of entry of these findings and recommendations.

Further, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The United States' Request for Findings and Recommendations for Final Order of Continuing Garnishment be GRANTED;

2. Garnishee Guardian Industries, LLC be directed to pay the Clerk of the United States District Court twenty-five percent (25%) of Christopher Leroy Seals aka Anthony Christopher Leroy Seals' ongoing and nonexempt disposable wages, earnings, commissions, and bonuses;

3. Garnishee Guardian Industries, LLC be directed to pay the Clerk of the United States District Court the amount of nonexempt disposable wages, earnings, commissions, and bonuses already withheld as a result of the writ, within fifteen (15) days of the filing of an order adopting these Findings and Recommendations;

4. Garnishee Guardian Industries, LLC be directed to make payment in the form of a check, money order, or company draft made payable to the Clerk of the Court and delivered to the United States District Court, Eastern District of California, Office of the Clerk, 501 I Street, Room 4-200, Sacramento, California 95814.  The criminal docket number (1:06-cr-00299-LJO) shall be stated on the instrument;

5. The Court retain jurisdiction to resolve matters through ancillary proceedings in this case, if necessary; and

6. The garnishment terminate when (1) the United States seeks to terminate the writ; or (2) when the judgment amount is fully satisfied.

1  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

5